## PAUL WHITEHURST v. THE STATE.

No. 10013.    Delivered May 12, 1926.

Rehearing denied June 16, 1926.

**1.—Burglary—Evidence—Held Sufficient.**

Where, on a trial for burglary, the breaking and entry of the house being clearly shown, appellant was found and arrested shortly after the burglary, and had in his possession, which he sought to conceal, a check book taken from the burglarized premises, this evidence was sufficient to

sustain the conviction.    Following Cassus v. State, 12 Tex. Crim, App. 59, and other cases cited.

### 2.—Same—Argument of Counsel.—Held Proper.

Where, on his argument to the jury, counsel for the state stated, "The law permits a defendant to file an application for a suspended sentence one time. The defendant has not filed a suspended sentence in this case." We see nothing improper in this remark of counsel and no error is presented in appellant's objection to same.

### 3.—Same—Evidence—Notation on Indictment—Harmless, if Error.

Where appellant complains that on the back of the indictment, which was carried to the jury room by the jury on their retirement, the words "under a suspended sentence in California" appeared, following the name of the witness.    A. B. Farrell, City Hall.    No objection was offered by appellant to the indictment being delivered to the jury with this notation, nor is any injury shown to appellant thereby.

ON REHEARING.

### 4.—Same—Continued.

No reversible error was committed by reason of the failure of the court to notice the endorsement on the indictment, which was complained of in the original opinion.    The court's attention was not directed to the matter until after the verdict was returned, and no injury was shown to appellant.    The motion for a rehearing is overruled.

Appeal from the Criminal District Court No. 2 of Dallas. County.    Tried below before the Hon. C. A. Pippen, Judge.

The opinion states the case.

*Hughes & Monroe* of Dallas, for appellant on appeal.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is burglary, and the punishment is two years in the penitentiary.

The state's testimony shows that the building in charge of J. H. Cassidy, vice president of a printing company in the city of Dallas was broken into during the night of July 6, and that Cassidy's desk was broken into and the knob was knocked off of the vault door.    Cassidy testified that he missed nothing from his office except his personal bank book furnished by the Republic National Bank of Dallas.    A police officer testified that he arrested the appellant about 2 o'clock in the morning of July 7, and two other witnesses testified that they were trash haulers and that while the defendant was being put in the patrol wagon by the officers, they saw him throw a bank

book into the gutter and one of them picked this up and turned it over to the chief of detectives, and Cassidy testified that this chief of detectives returned this book to him and he identified it on the trial of the case as the one that was missing from his office.  The appellant offered no testimony in the case.

This testimony, we think, was clearly sufficient to support the verdict.  The possession of the stolen check book was personal, recently, unexplained, and appellant's effort to hide or destroy it is sufficient to show a conscious and distinct possession of the property by the appellant.  Cassus v. State, 12 Tex. Crim. App. 59.  Lehman v. State, 18 Tex. Crim. App. 174.  Steward v. State, 77 S. W. 791.

There are but two bills of exceptions in the record, the first was prepared by the court and shows that appellant objected to the following argument of the attorney appearing for the state: "The law permits a defendant to file a suspended sentence one time. The defendant has not filed an application for a suspended sentence in this case."  The bill further shows that the defendant objected to this argument and his objections were sustained.

The other bill of exceptions complains because the court permitted the jury to take with them in their retirement his main charge, the special charges and a copy of the indictment and that on the back of the indictment where the witnesses' names were listed appears this notation, "suspended sentence in California."  The bill shows that the defendant did not notice this notation on the back of the indictment, and the court qualifies the bill by stating that he did not know that the words in quotations above were on the back of the indictment and that same was not called to the attention of the court until after the jury had retired with the indictment.  The court further certified that the defendant did not except at the time to the indictment being delivered to the jury in the condition it was in.  The court further certified that on the back of the indictment the following appeared:

"J. H. Cassidy, 914 Ross, 1213 or 3517 Lindewood.
"A. B. Farral, City Hall.
"Under a suspended sentence in California.
"H. J. Johnson, 1721 Baylor.
"O. J. Wood, 3426 Edgewood.
"Ed Murphy, 2814 Taylor.
"Tom Elam, 2211 Second."
The court further states that from the reading of these

names on the back of the indictment the jury could not have possibly concluded that the words "under suspended sentence in California" had any reference to the defendant because it does not appear after, above or below the name of the defendant Paul Whitehurst. Appellant contends, however, that the latter part of the explanation is a mere conclusion of the court. Conceding that he is correct in this contention, we nevertheless believe that it is such a conclusion as must indubitably be drawn from the facts. We see nothing in this record that would cause any person to believe from the notation on the back of the indictment as above set out that the appellant was the person spoken of as being under a suspended sentence in California. We also advert to the fact that the appellant received the minimum penalty and we cannot lead ourselves to the conclusion that a proper verdict other than that of guilty could have been assessed under the undisputed facts in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence being sufficient to support the verdict, the remarks of the District Attorney to which the appellant's objections were sustained are not deemed sufficient grounds upon which to reverse the judgment.

The law contemplated that the indictment be delivered to the jury. See Vernon's Tex. Crim. Stat., Vol. 2, p. 562, Art. 751. No objection was made to its delivery in the present instance.

No reversible error was committed by reason of the failure of the court to notice the indorsements on the indictment which were complained of in the original opinion. See Harvey v. State, 35 Tex. Crim. Rep. 545; Lancaster v. state, 36 Tex. Crim. Rep. 17; Ross v. State, 100 Tex. Crim. Rep. 298.

The motion for rehearing is overruled.

*Overruled.*